# MEXIA INDEPENDENT SCHOOL DISTRICT V. CITY OF MEXIA.

No. 7585. Decided November 8, 1939.
Rehearing overruled November 22, 1939.
(133 S. W., 2d Series, 118.)

*A. E. Jackson,* of Houston, for appellant.

The defendant A. N. Pigford was in court for all purposes by virtue of the citation which had been served on him containing substantially the clause "then and there to take notice of, plead, and answer to all claims and pleadings now on file or hereafter to be filed in this cause by all other parties herein, and to answer the plaintiff's petition." Art. 8, sec. 15, Constitution of Texas.

*C. D. Jessup, Jr.,* of Houston, for appellee.

Citation filed before the intervention of the school district did not put the defendant in court as to matters of the intervention. Aransas Co. v. Coleman-Fulton Pasture Co., 108 Texas 216, 191 S. W. 553; Dupree v. State, 102 Texas 455, 119 S. W. 301.

*A. H. Britain,* of Wichita Falls, *John T. Smith,* of Austin, and *W. M. Harman,* of Waco, filed briefs and written arguments as amici cariae.

MR. JUDGE HICKMAN of the Commission of Appeals delivered the opinion for the Court.

This case is before us upon the following certificate from the Court of Civil Appeals, Tenth District, at Waco.

"The above cause is now pending before this court on motion for rehearing. The facts are stated in our opinion on the original hearing. Our holding, in some respects, is in conflict with the opinion by the Texarkana court in State v. Bagby's Estate, 126 S. W. (2d) 687, which was published after the rendition of our decision. For this reason and because of the importance of the questions involved, we deem it advisable to certify to your Honorable court the following questions:

"(1) Upon the facts presented, did we err in holding that Vernon's Annotated Statutes, Art. 7345b (Acts 1937, 45th Leg., p. 1494a, chap. 506) was not unconstitutional?

"(2.) Since, upon the filing of plaintiff's petition, the property owning tax debtor was served with citation as provided in Sec. 4 of the Act in question, but failed to answer therein, did the trial court thereby acquire jurisdiction to enter judgment in favor of the defendant, Mexia Independent School District, upon its plea of intervention and cross-action without further notice to the tax debtor? In other words, is Sec. 4 of the Act, which requires each party to the suit, when cited as directed therein, to take notice of all claims and pleadings then on file or thereafter filed in said cause by all other parties therein, valid? In this connection, we call your attention to the holding of the Texarkana Court of Civil Appeals in the case of State v. Bagby's Estate, 126 S. W. (2d) 687.

"A copy of our opinion and the transcript, together with the agreed statement of facts and copies of all briefs filed herein, will accompany this certificate and be before the court for all purposes."

■ By an order of this Court promulgated on December 9, 1936, Supreme Court Rule No. 15 was amended so as to require that each certificate from a court of civil appeals be accompanied by the opinion or tentative opinion of that court. (126 Texas v.) One of the purposes in promulgating that amendment was to enable this Court to facilitate its work and avoid duplications by adopting the opinions or tentative opinions of the courts of civil appeals when they meet with the approval of this Court.

We have carefully considered the opinion in the instant case prepared by Justice Alexander and, in so far as it discusses the questions certified to us, we approve and adopt

same as our answer to such questions. A copy of that opinion, omitting the heading and also omitting a certain portion thereof which has no particular bearing on the exact question certified to us, follows and will be published in the official reports of this Court as its opinion in answer to the certified questions.

Our categorical answers to the questions are, first, "No," and, second, "Yes."

Opinion adopted by the Supreme Court November 8, 1939.

### OPINION OF COURT OF CIVIL APPEALS.

This suit was brought by the city of Mexia against A. N. Pigford to recover delinquent taxes alleged to be due for the years 1930 to 1937 inclusive on certain lots within the City of Mexia belonging to Pigford. The Mexia Independent School District, the State of Texas, and County of Limestone were joined as defendants as provided in Vernon's Annotated Civil Statutes, Art. 7345b (Acts 1937, 45th Leg., p. 1494-a, chap. 506). Pigford and the State of Texas and County of Limestone defaulted. Mexia Independent School District answered and by plea of intervention and cross action set up a claim against Pigford for taxes due it on the same property and sought foreclosure of its lien thereon. No new citation was served on Pigford on this cross action. However, the original citation served on him contained the statement that the other taxing units above referred to had been made parties defendant and had been cited to appear and file their claim for taxes, and further recited: "Each party to said suit shall take notice of, and plead and answer to, all claims and pleadings now on file and hereafter filed in said cause by all other parties therein." Upon the trial, the court sustained plaintiff's motion and struck out the plea of intervention and cross action of Mexia Independent School District and dismissed same and rendered judgment for plaintiff for its taxes with foreclosure of its lien. The Mexia Independent School District alone appealed.

Article 7345b, Revised Civil Statutes, above referred to, reads, in part, as follows:

"Sec. 2. In any suit hereafter brought by or in behalf of any taxing unit as above defined, for delinquent taxes levied against property by any such taxing unit, the plaintiff may implead as parties defendant any or all other taxing units having delinquent tax claims against such property, or any part thereof, and it shall be the duty of each defendant taxing unit, upon being

served with citation as provided by law to appear in said cause and file its claim for delinquent taxes against such property, or any part thereof. It shall be sufficient service upon the State of Texas in any county in such suit to serve citation upon the County Tax Collector charged with the duty of collecting such delinquent taxes due the State and County against such property and it shall be sufficient service upon any other taxing unit to serve citation upon the officer charged with the duty of collecting the taxes of such taxing unit or upon the Mayor, President, or Chairman or the governing body of such taxing unit, or upon the Secretary of such taxing unit. Any taxing unit having any claim for delinquent taxes against such property may waive the issuance and service of citation upon it.

"It shall be mandatory upon such taxing unit so filing such suit or suits, in all cases where all other taxing units are not impleaded to notify all such taxing units not so impleaded of the filing of such suit or suits, such notice to be given by depositing in the United States mail a registered letter addressed to such taxing unit or units giving the name or names of the plaintiff and defendants, the Court where filed, and a short description of the property involved in said suit so that such taxing units not impleaded may have the opportunity to intervene as herein provided."

"Sec. 4. Each party to such suit shall take notice of, and plead and answer to, all claims and pleadings then on file or thereafter filed in said cause by all other parties therein, and the citation upon each defendant shall so recite."

"Sec. 5. Upon the trial of said cause the Court shall hear evidence upon the reasonable fair value of the property, and shall incorporate in its judgment a finding of the reasonable fair value thereof, in bulk or in parcels, either or both, as the Court may deem proper, which reasonable fair value so found by the Court is hereafter sometimes styled 'adjudged value,' which 'adjudged value' shall be the value as of the date of the trial and shall not necessarily be the value at the time the assessment of the taxes was made; provided, that the burden of proof shall be on the owner or owners of such property in establishing the 'fair value' or adjudged value as provided in this section, and, provided further that this section shall only apply to taxes which are delinquent for the year 1935 and prior years."

"Sec. 8. No property sold for taxes under decree in such suit shall be sold to the owner of said property, directly or indirectly, or to anyone having an interest therein, or to any

party other than a taxing unit which is a party to the suit, for less than the amount of the adjudged value aforesaid of said property or the aggregate amount of the judgments against the property in said suit, whichever is lower, and the net proceeds of any sale of such property made under decree of court in said suit to any party other than any such taxing unit shall belong and be distributed to all taxing units which are parties to the suit which by the judgment in said suit have been found to have tax liens against such property, pro rata and in proportion to the amounts of their respective tax liens as established in said judgment, but any excess in the proceeds of sale over and above the amount necessary to defray the costs of suit and sale and other expenses hereinabove made chargeable against such proceeds, and to fully discharge the judgments against said property, shall be paid to the parties legally entitled to such excess."

Section 9 of the Act provides that if at the tax sale the property is bought in by a taxing unit that is a party to the suit, it shall be held in trust for all taxing units adjudged to have liens on the same; that the property cannot be subsequently sold by such trustee for less than the adjudged value without the consent of all taxing units; and that the proceeds of any such sale shall be prorated among such units in proportion to their interest. It also provides for sale by the sheriff if the trustee does not sell same within six months after the expiration of the exemption period. Section 10 provides as follows:

"The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit or which had been served with citation in said suit as required by this Act."

Section 13 of the Act provides that said Act shall be cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled under existing law.

The proceedings in this cause appear to have been filed in keeping with the provisions of the Act above referred to and hence the intervenor was entitled to present its claim for taxes against Pigford and to have foreclosure of its lien in said suit, unless, as contended by appellee, the act in question is unconstitutional.

■ The act in question undertakes to require all parties to

take notice of all subsequent pleadings filed in the suit and it is contended by appellee that it is unconstitutional, because, if followed, it would deprive Pigford of his property without due process of law, in that it would permit an impleaded taxing unit to file a cross action and recover judgment against Pigford for foreclosure of its lien without any citation to him thereon. The general rule is that the Legislature in its discretion may prescribe what notice shall be given to a defendant in a suit, subject to the condition that the notice prescribed must conform to the requirement of due process of law. The requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend his interests. 12 C. J. 1230; Mabee v. McDonald, 107 Texas 139, 175 S. W. 696. The statute in question applies only to a particular class of suits—that is, suits brought by taxing units to foreclose tax liens on property. The citation served on the defendant must disclose to him the nature of the suit. He is charged with knowledge of the law and therefore must know from the nature of the suit that there is a possibility of cross actions by others. In other words, he is notified that an effort will be made to sell the particular piece of property for taxes and that all other defendants in the suit, as well as taxing units not parties thereto, who have an interest in the property have been invited to present their claims and to participate in the sale. Section 4 of the Act requires that the citation contain a recitation calling his attention to the fact that he is required to take notice of all pleadings then on file and such as may thereafter be filed by any and all parties. It is a well recognized rule that a defendant who has once entered his appearance in a cause is charged with notice of all amendments thereafter filed, including pleas of intervention and cross actions by other defendants. Phillips v. The Maccabees, 50 S. W. (2d) 478, par. 3, and authorities there cited; 4 Tex. Jur. 641, sec. 20; Roller v. Reid, 87 Texas 69, 27 S. W. 1060; Bryan v. Lund, 25 Texas 98; Early & Clement Grain Co. v. Fite, 147 S. W. 673. If a defendant, merely because he has entered his appearance in an ordinary suit, can be required to take notice of all subsequent pleadings, interventions and cross actions by the public generally, we see no reason why in a particular class of suits a defendant, who has been served with citation that specifically warned him of the necessity of taking notice of subsequent pleadings, cannot be required to take notice of cross actions of a particular kind by a particular class of claimants. We think the notice required by the statute affords all defend-

ants a fair opportunity to be heard and therefore it does not violate the due process clause of our Constitution.

■■ It is further contended that the Act is unconstitutional because it violates the provisions of Article 3, sec. 55, and Article 8, sec. 10, of our State Constitution. These Articles read as follows:

"Art. 3, sec. 55: The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or define subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

"Art. 8, sec. 10: The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town from the payment of taxes levied for State or county purposes, unless in case of great public calamity in any such county, city or town, when such release may be made by a vote of two-thirds of each House of the Legislature."

In this connection, it is not contended that the statute under consideration undertakes directly to release any taxes to any one but it is contended in effect that since the act authorizes the plaintiff to join as defendant all other taxing units having liens against the property and further provides that the purchaser of the property sold at such foreclosure sale shall take title thereto free of all liens for taxes owing the taxing units that were parties to the suit, it is possible for the representatives of a taxing unit by failing to appear and file claim for the taxes due to thereby waive and release to the property owner the lien for such taxes. We recognize that it is possible, under the act in question, for such representatives, by their carelessness or otherwise, to fail to properly foreclose the liens held by the taxing units which they represent, but this is a danger inherent in all governmental functions performed by human agents. It has always been possible for commissioners' courts by failing to assess property at its full value, or for attorneys by failing to properly prove up their cases in tax units, or for jurors by improperly resolving questions of fact in favor of the tax debtor, to thereby deprive a taxing unit of its just dues, but the mere existence of this possibility does not render all our tax laws unconstitutional. It is presumed that all public officials will honestly perform their official duties, Anderson v. Polk, 117 Texas 73, 297 S. W. 219, and the statute and consti-

tutional provisions in question must be construed in the light of that presumption. When so construed, the statute is not unconstitutional on the grounds stated. This exact contention was made in the case of Willacy Water Control & Improvement Dist. No. 1 v. Lewis, 119 S. W. (2d) 159, and the San Antonio court in that case, in an opinion by Associate Justice Slatton, overruled the contention. If the statute is followed and the officers perform their duty as they are presumed to do, it will be impossible to confer any special benefit on the tax debtor. When the statute is invoked, all taxing units have an opportunity to file their claims and to seek foreclosure of their liens. Upon the trial, the court judicially determines the actual value of the property and no one other than a taxing unit may buy the property in at the sale for less than such adjudged value. If the property brings its adjudged value, the taxing units will have received its full value, which is all that could possibly have been gotten out of it; and if it fails to bring its adjudged value, one of the taxing units may buy it in and hold the title in trust for the others, and consequently, the full value thereof will inure to the benefit of all such units. We overrule this contention.

■ It is suggested that the statute is unconstitutional because, by permitting a foreclosure of a tax lien through court, it violates the provisions of Article 8, sec. 13 of our Constitution as adopted in 1932. This section of the Constitution reads, in part, as follows:

"Provision shall be made by the first Legislature for the speedy sale, without the necessity of a suit in Court, of a sufficient portion of all lands and other property for the taxes due thereon, and every year thereafter for the sale in like manner of all lands and other property upon which the taxes have not been paid; and the deed of conveyance to the purchaser for all lands and other property thus sold shall be held to vest a good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud; * * *."

It is insisted that this provision of the Constitution, by providing for a summary sale "without the necessity of a suit in court," is exclusive and inhibits foreclosure and sale through the court. The quoted provision does not appear by its own language to be exclusive. Necessarily, it must be construed in connection with other provisions of the Constitution. Article 8, sec. 15 of the Constitution provides as follows:

"The annual assessment made upon landed property shall

be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, *under such regulations as the Legislature may provide.*" (Italics ours.)

The underscored portion of the above section clearly delegates to the Legislature the right to provide other methods than by summary sale by which property may be sold for the payment of taxes. State Mortgage Corporation v. State (Com. App.) 17 S. W. (2d) 801; City of Henrietta v. Eustis, 87 Texas 14, 26 S. W. 619. Article 5, sec. 8, of the Constitution confers on district courts jurisdiction to foreclose liens on land, and we see no reason why taxing units should not be allowed to resort to such courts for the foreclosure of their liens. We think the Legislature was fully authorized to provide as it did for foreclosure of tax liens through court. In fact, the enactment of some statute, such as is here under consideration, was apparently necessary in order to provide a forum for the adjustment of the claims of the various taxing units having liens on the same piece of property. It is a well known fact that in recent years there have grown up many overlapping taxing units. In many instances, the unpaid taxes, either by reason of the accumulation of several unpaid assessments, or as a result of the destruction of the improvements of the land, exceed the value of the land in its present condition. A third party cannot be induced to buy the property at the sale of any one of the taxing units because the unpaid taxes due other units, which the purchaser might be required to discharge, exceed the value of the property. If one of the taxing units, and particularly the State, buys the property in satisfaction of its own tax lien, there is a possibility that the other taxing units would lose their lien for all taxes then unpaid. State v. Stovall, 76 S. W. (2d) 206 (writ ref.), and authorities there cited; 61 C. J. 945, sec. 1215. If so, there would be a great advantage in favor of the unit first making the sale and buying the property in. The holding out of such a premium would lead to a race between the various taxing units to see which could be the first to make a sale and this would lead to antagonism between such agencies instead of that friendly cooperation that ought to exist between them as agencies of the State. The statute in question attempt to provide a forum by which the various claims of these agencies may be equitably

adjusted. The act provides that the remedies therein provided for shall be cumulative of all others and hence does not purport to exclude the right of summary sale as provided in Article 8, sec. 13. This contention is overruled.

\* \* \* \* \*

We think the trial court erred in striking out the plea of intervention of the Mexia Independent School District and in refusing to allow said School District to establish its lien against the property.

The judgment of the trial court is reversed and the cause is remanded for a new trial.