## UNITED STATES v. 1010.61 ACRES OF LAND et al.

### Civ. No. 530.

District Court, S. D. Texas, Houston Division.

Nov. 30, 1943.

Douglas W. McGregor, U. S. Atty., and Brian S. Odem, Sp. Asst. to the U. S. Atty., both of Houston, Tex., for plaintiff.

H. L. Nicholson, of Houston, Tex., and Victor C. Mieher and Harry D. Page, both of Tulsa, Okl., for Amerada Petroleum Corporation.

Dan W. Jackson, Dist. Atty., and Conrad J. Landram, Asst. Dist. Atty., both of Houston, Tex., for State of Texas and Harris County.

KENNERLY, District Judge.

This is a suit by the Government of the United States to take for public use (Section 257 et seq., Title 40 U.S.C.A.) 1010.61 acres of land in Harris County, in this District and Division, including Parcel No. 16,

containing approximately 95.05 acres of land. The value of Parcel No. 16 has been fixed at $6,415, and the Government has paid that sum into the registry of the court. It is undisputed that the Amerada Petroleum Corporation was, before the taking of Parcel No. 16, the owner thereof, and therefore is the owner of, and entitled to, the fund in the registry of the court. But the State of Texas and Harris County, Texas, are claiming a tax lien on the land and the fund, for taxes, etc., for the years 1922, 1923, and 1926, assessed against the vendor or vendors of Petroleum Corporation, and amounting, together with interest, penalties and costs, to approximately $550. The State and County are here, praying that the amount of such taxes, with interest, penalties and costs, be paid out of such fund.

Petroleum Corporation is resisting the payment of such taxes, etc., claiming that Harris County had a population of more than 210,000 at the time it purchased such property in 1935, that it purchased same upon the faith of the correctness of a certificate issued August 8, 1935, by the Tax Collector of Harris County, purportedly under Article 7258a of the Texas Statutes (Vernon's Texas Civil Statutes), and that such certificate is conclusive proof of the payment of such taxes, interest, penalties and costs. Such certificate reads as follows:

"Office of No. 65371
J. W. Hall Houston, Texas,
Assessor & Col- 8/8 1935.
lector of Taxes
Harris County.

Tax Certificate

Tax Rolls of Harris County show no taxes unpaid against Lot — Block — Out Lot — Abst. No. 28 Survey Harris & Carpenter 91.50 Acres Vol. 40 Page 240 Addition — City or A

Town — up to and including the year of 1934 Assessed in the name of Federal Trust Co. for the year 1934.

14230

J. W. HALL, State and County Assessor and Collector of Taxes

By (sgd) W. D. Thornal, Deputy.

E. & O. E. ⎰ For 1929 to 1934 inc. ⎱
Fee None ⎱ Paid on 95.50 acres. ⎰ (Seal)"

It is shown that Petroleum Corporation caused its Attorney to examine the title to the property before purchasing same, and upon the advice of such attorney, required the production by its vendor or vendors of a certificate under such article. After the above-quoted certificate was produced, Petroleum Corporation relied thereon and believed that no State and County taxes were owing on such property, but it later developed that such certificate was erroneous, and that the taxes for the years named had not been paid. Petroleum Corporation would have required that such taxes be paid before it purchased the property had it known they were unpaid.

1. The argument at the bar brings forward the validity under the Constitution of Texas of Article 7258a, a question that it is said has not been decided by Texas courts. But there is presented here no question of either the jurisdiction, or the propriety, of this court deciding such question, or other questions, arising under Texas Law and necessary to be decided.[1]

The questions are, first, the validity under the Texas Constitution[2] of Article 7258a, i. e., the right of the Legislature to remit, release, or extinguish taxes, penalties, interest and costs,[3] and second, the application of Article 7258a to the facts here.

I do not find it necessary to decide the first question.

I think Article 7258a has no application here. Such Article, as passed by the Leg-

---

[1] Meredith v. City of Winter Haven, 64 S.Ct. 7, decided November 8, 1943; 5 Cir., 134 F.2d 202; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487; Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971.

[2] Sections 10 and 15, Article 8, Section 55, Article 3 (as amended in 1932), of the Texas Constitution of 1876, Vernon's Ann.St.

[3] Jones v. Williams, 121 Tex. 94, 45 S. W.2d 130, 79 A.L.R. 983; City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W. 2d 308, 310; Republic Ins. Co. v. Highland Park Independent School District, Tex.Com.App., 171 S.W.2d 342, 345; Mexia Independent School District v. City of Mexia, 134 Tex. 95, 133 S.W. 2d 118, 119, 134 A.L.R. 1277.

islature and including the caption, the repeal of other laws, and the emergency clause, reads as follows:—

"Making Tax Receipt Evidence of Payment of Taxes.

S. B. No. 152.) Chapter 77.

"An Act to provide that Tax Collectors shall, in counties having 210,000 population, or more, according to the last preceding federal census, and of cities, political sub-divisions or tax assessing districts within such counties, issue, upon request, a certificate showing the condition of taxes, interest, penalty and costs on the property therein stated, and providing that all such certificates issued which show all taxes, interest, penalty and costs on the property stated therein to be paid to and including the year thereon stated, shall be conclusive evidence of the payment of all such taxes, interest, penalty and costs, providing same was not issued through fraud or collusion; and providing that Tax Collector and his deputies shall be liable for loss resulting from fraud and collusion or negligence in issuing such certificate; and repealing all laws or parts of laws in conflict therewith, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. On and after October 1st, 1929, the Tax Collector or his deputy of any county in this State containing 210,000 population or more according to the last preceding federal census, or any city or political sub-division or tax assesing [assessing] district within any such county shall, upon request, issue a certificate showing the amount of taxes, interest, penalty and costs due, if any, on the property described in said certificate. When any certificate so issued shows all taxes, interest, penalty and costs on the property therein described to be paid in full to and including the year therein stated, the said certificate shall be conclusive evidence of the full payment of all taxes, interest, penalty and costs due on the property described in said certificate for all years to and including the year stated therein. Said certificate showing all taxes paid shall be admissible in evidence on the trial of any case involving taxes for any year or years covered by such certificate, and the introduction of the same shall be conclusive proof of the payment in full of all taxes, interest, penalty and costs covered by the same.

"Sec. 2. If any such certificate is issued or secured through fraud or collusion, the same shall be void and of no force and effect, and any such Tax Collector or his deputy shall be liable upon his official bond for any loss resulting to any such County or city or political sub-division or tax assessing district or the State of Texas, through the fraudulent or collusive or negligent issuance of any such certificate.

"Sec. 3. That all laws and parts of laws in conflict herewith be and the same are hereby repealed.

"Sec. 4. The fact that owners of property have no way of definitely ascertaining that all taxes have theretofore been paid, creates an emergency and an imperative public necessity that the rule requiring bills to be read on three several days in each House be suspended, and that this Act take effect upon its passage, and said rule is hereby suspended, and this Act shall be in force and effect from and after its passage, and it is so enacted." Acts 1929, 2d Called Sess., c. 77.

 This article requires that the Collector's certificate show definitely, without qualification, that taxes, interest, penalty and costs are paid in full. The certificate in evidence here and hereinbefore quoted shows on its face the letters "E. & O. E.", presumably meaning "Errors and Omissions Excepted." Or meaning that the Collector's certificate of payment is correct only if the records of his office are correct, and if he, the Collector, has made no errors or omissions in examining same and compiling the certificate therefrom. Indeed, the Collector doubtless intended to except any kind of errors or omissions made by any one in connection with the issuance of the certificate. The legislative intent clearly is that the records of the Collector's office shall be so kept and the Collector's examination thereof shall be such that he may make, and must make, an unqualified certificate that the taxes, etc., have been paid. No other kind of certificate satisfies the requirements of the article, and becomes conclusive proof of payment in full of the taxes, interest, penalties and costs.

Judgment will, therefore, enter, directing the payment of the taxes, interest, penalties and costs owing to the State of Texas and Harris County out of the fund in the registry of the court.