

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GROVER SELLERS
~~XXXXXX XXXXXXXXXXXXX~~
**ATTORNEY GENERAL**

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-7076
In Re: Does a purchaser in a tax
foreclosure sale take such
property free and clear of
the taxes that became de-
linquent after the suit was
filed?

In your letter of Jan. 29, 1946, you request the
opinion of this department upon the question contained
therein, which for the purpose of giving the facts upon
which our opinion is based we quote:

"The Delinquent Tax Collector for Floyd County
filed suit for all delinquent taxes on a certain
piece of property in Floyd County up to and includ-
ing the year 1942. The suit was filed in the fall
of 1943. The current taxes for 1943 became delin-
quent in February of 1944. The Delinquent Tax Col-
lector in August, 1944, prosecuted his suit for
judgment without amending his petition or including
the taxes that became delinquent February 1, and
his judgment taken in August, 1944, did not include
the taxes for that year.

"Everything in the proceedings was regular, except
for that one particular. The property in this case
sold for the adjudged value which was less than the
total amount of delinquent taxes against the property.

"Question: Was such judgment a valid judgment and
did the purchaser of said judgment take such property
free and clear of the taxes that became delinquent after
the 1943 suit was filed?

"In another case the suit was filed after February
1, 1945, but before July 1, 1945, and the 1944 taxes
were not included in the petition in this suit. Judg-
ment was not obtained in this suit until after July
1, 1945. Would the same rule apply in this case?"

For the purpose of this opinion it is only necessary that we consider your questions in the light of the provisions of Article 7345b of V. A. C. S. The last amendments to Article 7345b were enacted by the 47th Legislature, and are codified as Sections 2, 5 and 10 in the pocket supplement of V. R. C. S., page 147; Section 10 is the pertinent provision applicable to the questions posed in your request.

The validity of Article 7345b and the presently existing amendments thereto, and especially Sections 2, 5 and 10, is no longer an open question. They have successfully withstood all attacks, and the public policy of the State emanating from these statutes is now definitely defined and well understood. The primary purpose of this article was to prevent multiplicity of suits by the inclusion of all taxing units in a suit brought by any one or more of such units, and in addition to this to afford purchasers of tax titles security from a diversity of claims of numerous taxing units. City of El Paso v. Forti, 181 S. W. (2d) 579.

Of course the primary concern of a purchaser at a tax sale foreclosing the lien of the respective taxing units, parties to the suit, is that the property so purchased shall thereafter be free from the liens fixed under the Constitution and the statutes to secure the payment of the tax.

Sec. 10 of this article reads as follows:

"The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit or which had been served with citation in said suit as required by this Act." (Emphasis ours)

Note that the statute says, "delinquent at the time of judgment." We think this means just what it says, and includes all taxes delinquent at the time of the judgment, whether embraced in the petition or not as to the taxing units, parties to the suit or which had been served with citation in said suit. We said in opinion No. O-2175:

"The County and State will lose their liens for 1939 delinquent taxes in those cases where they (taxing units) are parties to a suit wherein a judgment is taken that excluded the said 1939 delinquent taxes under the plain provision of Sec. 10 of Art. 7345, supra." (parenthesis ours)

We have not departed from that statement in any opinion
subsequently written upon the subject; but to the above
statement should be added that the purchaser also takes
the property free and clear of all liens and claims for
taxes in those cases where they, the taxing units, have
been served with citation in said suit.

The case of Mexia Independent School District v.
City of Mexia, (Supreme Court) 133 S. W. (2d) 118, is
helpful in understanding the problem involved in your
question, and from this opinion we quote:

"We recognize that it is possible under the act
in question, for such representatives, by their care-
lessness or otherwise, to fail to properly foreclose
the liens held by the taxing units which they repre-
sent, but this is a danger inherent in all govern-
mental functions performed by human agents."

It is presumed that all public officials will honestly
perform their official duties, (Anderson v. Polk, 117 Tex.
73, 297 S. W. 219; and Mexia Independent School District v.
City of Mexia, supra) and these statutes should be construed
in the light of that presumption.  A good faith purchaser
under the mandates of Sec. 10, supra, has a right, we think,
to rely upon this well recognized presumption.  We are not
to be understood as condoning dereliction and carelessness
of public officials in the performance of their duties, but
such cannot be given the effect to override the plain terms
of Sec. 10, supra, that "The purchaser of property sold for
taxes in such foreclosure suit shall take title free and
clear of all liens."

Since you state that everything in the proceedings
was regular except the omission of one year's delinquent
taxes omitted  from the petition upon which the judgment
was predicated, it follows from what we have heretofore
said that the judgment was valid, and the purchaser under
said judgment took the property free and clear of all liens,
including the delinquency not included, which occurred after
the suit was filed as to the taxing units, parties to said
suit or which had been served with citation in said suit.

You state:

"In another case the suit was filed after
February 1, 1945, but before July 1, 1945, and the
1944 taxes were not included in the petition in
this suit.  Judgment was not obtained in this suit
until after July 1, 1945.  Would the same rule apply

in this case?"

   The same rule would apply as in the first instance.

          Yours very truly

        ATTORNEY GENERAL OF TEXAS


        By s/L. P. Lollar
          L. P. Lollar
          Assistant

LPL:AMM:wc


APPROVED MARCH 15, 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee BY BWB Chairman