

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 20, 1948

Hon. F. T. Graham
County Attorney
Cameron County
Brownsville, Texas

Dear Mr. Graham:

Opinion No. V-725

Re: The necessity for 1947 State
and County taxes to be plead
and proved in a consolidated
tax suit tried in February,
1948.

You request the opinion of this office upon three questions presented in your letter as follows:

"1. In a consolidated tax suit involving real estate, under Article 7345b, as amended, tried in February, 1948, should the State and County have pleaded and proved their taxes for the year 1947?

"2. If the State and County, having been served with citation, or appeared in a tax suit tried in February, 1948, failed to plead or prove their taxes on real estate for the year 1947, does the purchaser of the real estate involved at sheriff's sale, on order of sale based on the judgment in that suit, take said land free of the taxes due the State and County for the year 1947?

"3. Would the result be any different if the suit were brought in the name of the State?

"4. For the purpose of the questions stated, it is to be assumed that no part of the taxes for 1947 have been paid prior to February 1, 1948."

We shall first answer your questions categorically. The reasons for our conclusions which follow will require only a brief discussion.

Question No. 1, "yes"; Question No. 2, "yes"; Question No. 3, "no."

We quote the following pertinent statutory provisions:

Art. 7336. ". . . all ad valorem taxes, unless one-half (½) thereof have been paid on or before November thirtieth as hereinabove provided,

shall become delinquent if not paid prior to February first of the year next succeeding the year for which the return of the assessment rolls of the county are made to the Comptroller of Public Accounts.. . ."

Art. 7345b. Sec. 1. "For all purposes of this Act, the term 'taxing units,' shall include the State of Texas or any town, city or county in said State, or any corporation or district organized under the laws of the State with authority to levy and collect taxes."

"Sec. 2. In any suit hereafter brought by or in behalf of any taxing unit as above defined, for delinquent ad valorem taxes levied against property by any such taxing unit, the plaintiff may implead as parties defendant any or all other taxing units having delinquent ad valorem tax claims against such property, or any part thereof, and it shall be the duty of each defendant taxing unit, upon being served with citation as provided by law to appear in said cause and file its claim for delinquent ad valorem taxes against such property, or any part thereof.. . .

"It shall be mandatory upon any such taxing unit so filing such suit or suits, in all cases where all other taxing units are not impleaded to notify all such taxing units not so impleaded of the filing of such suit or suits, such notice to be given by depositing in the United States mail a registered letter addressed to such taxing unit or units giving the name or names of the plaintiff and defendants, the Court where filed, and a short description of the property involved in said suit so that such taxing units not impleaded may have the opportunity to intervene as herein provided."

"Sec. 10. The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for ad valorem taxes against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit, or which had been served with citation in said suit as required by this Act. Provided, the term 'all liens and claims for ad valorem taxes' shall never be construed to include assessments for maintenance

and operation purposes on a pro rata per acre
basis against irrigable lands authorized by law
to be made by water improvement districts, or
water control and improvement districts, and
no judgment foreclosing such liens and claims
for ad valorem taxes shall ever prejudice the
collection of said assessments or the liens se-
curing same." (Emphasis ours)

The foregoing provision of the statute, Article 7336,
clearly defines when State and County ad valorem taxes become
delinquent. For the purpose of this opinion we shall assume, as
you request, that the first half of the 1947 taxes were not paid on
or before November 30, 1947. Therefore, under the terms of the
statute the 1947 taxes became delinquent February 1, 1948.

Under Section 2 of Article 7345b, quoted above, the
plaintiff taxing unit initiating the suit may implead as party de-
fendant any and all other taxing units having delinquent ad va-
lorem taxes claims against such property or any part of it; and
it shall be the duty of each defendant taxing unit, upon being
served with citation, to appear in said cause and file its claim
for delinquent ad valorem taxes against such property or any
part thereof.

It is mandatory under the express terms of said Sec-
tion 2 of Article 7345b for the taxing unit initiating the suit to
give notice to the other taxing units not impleaded of the filing
of such suit; and the statute prescribes the requirements as to
such notice which may be by registered mail addressed to such
taxing unit or units, giving the names of the plaintiff and defend-
ant, the court where filed, a short description of the property
involved in the suit. The purpose of this is to give to the taxing
unit or units not impleaded notice that a suit has been filed so
that they might have an opportunity to intervene in the suit and
assert a claim for all taxes then delinquent.

The primary purpose of Article 7345b is to prevent a
multiplicity of suits, and in addition to afford purchasers of tax
titles, security from a diversity of claims of numerous taxing
units, which might have delinquent tax claims against the prop-
erty at the time of the judgment. City of El Paso v. Forti (Sup.
Ct.) 181 S.W.(2d) 579.

We think the clear import of Section 10 of Article 7345b
quoted above is that all taxing units having delinquent tax claims,
which are parties to the suit or have been served with citation in
the suit, must present and have their claims adjudicated in the
judgment; failing in this, such a taxing unit would lose the taxes
delinquent at the time of the judgment, and the purchaser would

take title free and clear of the lien for such taxes.

Note that the statute says, "delinquent at the time of judgment." This means just what it says, and includes all taxes delinquent at the time of the judgment, whether embraced in the petition or not as to the taxing units, parties to the suit or which had been served with citation in said suit.

The case of Mexia Independent School District v. City of Mexia (Sup. Ct.) 134 Tex. 95, 133 S.W.(2d) 118, construing Article 7345b, said:

> "We recognize that it is possible, under the
> Act in question, for such representatives, by
> their carelessness or otherwise, to fail to
> properly foreclose the liens held by the taxing
> units which they represent, but this is a danger
> inherent in all governmental functions perform-
> ed by human agents.. . ."

It is, of course, presumed that all public officials will honestly perform their official duties, and these statutes should be construed in the light of that presumption. A good faith purchaser acquires under the plain terms of Section 10 title to such property free and clear of all liens as to all taxes delinquent at the time of judgment against all taxing units, parties to the suit, or who have been served with citation in the suit.

Applying the conclusions here expressed specifically to the 1947 taxes, which became delinquent February 1, 1948, it is the duty of the county or district attorney, if the State and County have become parties to the suit or have been served with citation in the suit, to assert the claim of the State and County for the 1947 taxes in a pending suit where judgment in the suit is rendered in February 1948. The notices prescribed by Article 7324 and 7326, V.C.S., have no application to the 1947 taxes in a suit pending February 1, 1948, filed under the terms of Article 7345b, as to the 1947 taxes which became delinquent February 1. Judgment may be rendered in such a suit in February including the 1947 taxes. This would be true regardless of what taxing unit initiated the suit.

## SUMMARY

A suit for delinquent ad valorem taxes, filed under the provisions of Art. 7345b, V.C.S., should include in the judgment all delinquent taxes, including the 1947 taxes, owing to any taxing unit which is party to said suit or has been served with a citation in said suit, if the judgment is rendered in

February, 1948, or anytime thereafter. The purchaser at a tax foreclosure sale takes title free and clear of all liens and claims for delinquent taxes, including the 1947 taxes, as to such taxing units as were parties to the suit or had been served with citation in the suit, whether the judgment is taken in February, 1948, or thereafter. The result would be the same regardless of the taxing unit which initiates the suit.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. P. Lollar
Assistant

LPL/JCP

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL