

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

December 13, 1951

Hon. Bill Tippen
County Attorney
Taylor County
Abilene, Texas

Opinion No. V-1375

Re: Constitutionality of subsec-
tion (c) of Sec. 5a, Art. 7047k,
V.C.S., as amended, requir-
ing seller and purchaser to
make a joint affidavit of the
true consideration and requir-
ing the tax assessor-collector
to refuse motor vehicle reg-
istration applications from
any seller who owes "affidavit
error fees."

Dear Mr. Tippen:

You submit for the opinion of this office the question
of the constitutionality of Subsection 4 of Section VII (Motor Ve-
hicle Sales Tax) of House Bill 285, Acts 52nd Leg., R.S. 1951, ch.
402, p. 695. Subsection 4 of this act amends Section 5a of Article
7047k, V.C.S., to read in part as follows:

"Section 5a. The purchaser and seller shall
make a joint affidavit setting forth the then value in
dollars of the total consideration, whether in money
or other things of value, received or to be received
by the seller or his nominee in a retail sale. . . .

" . . .

"(b) Where the joint affidavit incorrectly states
the amount of the consideration actually received by
the seller so that the tax actually paid is less than
that which was actually due, the seller shall pay an
affidavit error fee as follows:

"(i) Twenty-five Dollars ($25) if the actual
consideration received by the seller was from five
per cent (5%) through 10 per cent (10%) greater than
the consideration upon which the tax was paid, and

"(ii) One Hundred Dollars ($100) if the actual
consideration received by the seller was in excess of
ten per cent (10%) greater than the consideration up-
on which the tax was paid.

"(c) The seller shall pay the affidavit error fee to the Tax Collector and Assessor. One half of the affidavit error fee shall be retained by the county as a fee of office or paid into the officers salary fund of the county, as is provided by general law. The remainder of the affidavit error fee shall be paid over to the State. The Tax Collector and Assessor shall refuse to accept an application for registration or for transfer of title of any motor vehicle from any seller who owes the Tax Collector and Assessor an affidavit error fee."

You specifically ask the following three questions:

"1. Is this method of exacting a fine or penalty constitutional, since it does not afford any type of hearing or right of appeal to any administrative tribunal or to the courts? Does it afford due process of law?

"2. Does the Tax Assessor and Collector have the authority to accept an application for registration or for transfer of title which is presented to him by the purchaser of an automobile from a dealer who owes an affidavit error fee? (Section C of the Act herein referred to, clearly states that the Tax Assessor and Collector shall not accept an application from a seller who owes an affidavit error fee.)

"3. Is the refusal to accept applications constitutional as a method of enforcing a penal provision or of collecting a deficiency?"

Your first question calls for a consideration of that portion of the statute which requires the seller and purchaser to make a joint affidavit disclosing the true consideration upon which the tax of 1.1% is assessed by Section 1(a) and (b) of the act. The statute provides in explicit terms for payment by the seller of an "affidavit error fee" in the event the joint affidavit incorrectly states the consideration paid.

You ask specifically if this portion of the statute accords due process. We think it does. That this is a part of a revenue statute is apparent, and has for its purpose the prevention of fraud and evasion of a valid revenue measure and is in our opinion an appropriate and proper provision upon the subject of revenue. We think the portion of the statute here considered does nothing more than subject a dealer who fails or refuses to comply with the statute to a right of action in favor of the State

for the "affidavit error fees" prescribed by the statute. The fact that it will subject dealers to litigation by the State to enforce the collection of the fees thus incurred is not sufficient to condemn this part of the statute as a denial of due process. It is but giving a right of action in favor of the State for the enforcement of the statutory lien provided by Article 7083a, V. C.S., against a dealer who fails to comply with its provisions. The fact that the State must bring suit in a court of law guarantees to the dealer a hearing and a right of appeal. This action preserves to the dealer all of the fundamental rights characterized as due process. Hagar v. Reclamation District No. 108, 111 U.S. 701 (1894); Mexia Independent School Dist. v. City of Mexia, 134 Tex. 95, 133 S.W.2d 118 (1939).

This portion of the statute does not by its terms deprive a dealer of any right. It does not impose an arbitrary or oppressive burden. It simply requires that the true consideration be stated. It is within the legislative power to make reasonable provisions to insure the performance of duties so closely interwoven with the public welfare in collection of taxes legally imposed and to render dealers subject to reasonable penalties incurred by reason of their negligence or refusal to comply with the statute. United States v. Stowell, 133 U.S. 1 (1890); Interstate Forwarding Co. v. Vinyard, 121 Tex. 289, 49 S.W.2d 403 (1932); First Nat. Bank v. Hughes, 6 Fed. 737 (C.C.N.D. Ohio, 1881).

In answer to your first question, we hold that this part of the statute does not violate due process under either the Federal or State Constitution, or any other provision of the Constitution, but is a valid exercise of constitutional legislative power in the enforcement of the revenue laws of this State.

We pass next to the consideration of your second question which calls for an opinion as to the constitutionality of the following provision of the statute:

"The Tax Collector and Assessor shall refuse to accept an application for registration or for transfer of title of any motor vehicle from any seller who owes the Tax Collector and Assessor an affidavit error fee."

There is nothing inherently unlawful in the sale of automobiles. The right to engage in any lawful business without any unreasonable restraint and regulation is inherent in our democratic system of government. Whether a statute emanates from the police power or the taxing power of the State, it is clear that the State cannot prohibit the ordinary business of buying or selling new or used motor vehicles by vesting absolute or arbitrary

power in the tax assessor-collector to refuse to register cars sold by dealers delinquent in the payment of "affidavit error fees." The seller must be given an appropriate hearing and an opportunity to exonerate himself before the denial of such a valuable right as the pursuit of a lawful business. We think this portion of the statute is a denial of due process and subjects such a dealer to arbitrary restraint, freedom from which is guaranteed by the Constitution of the United States and the Bill of Rights embodied in the Constitution of this State.

If this statute conferred discretionary power upon the tax assessor-collector safeguarded by reasonable rules or regulations for his guidance in the performance of his duties thereunder, and provided a method of appeal, this provision of the statute might be sustained, but this it does not do. Instead it vests in the tax assessor-collector unqualified and unrestrained power to refuse the registration of motor vehicles purchased from a delinquent dealer. The conduct of a lawful business and the right to earn a livelihood therefrom may not be thus stifled.

In American Mortgage Corporation v. Samuell, 130 Tex. 107, 108 S.W.2d 193 (1937), the Supreme Court in construing Article 6854, V.C.S., reading as follows:

"If the property tendered back by the defendant has been injured or damaged while in his possession under such bond, the sheriff or constable to whom the same is tendered shall not receive the same, unless the defendant at the same time tenders the reasonable amount of such injury or damage, to be judged of by such officer." (Emphasis added.)

said:

"That part of article 6854 authorizing the sheriff or constable to determine the amount of damages to the property replevied has been nullified, because it undertakes to confer upon such officer judicial power, and it has been held that such power cannot be conferred upon such an officer. Morgan v. Coleman (Tex. Civ. App.) 204 S.W. 670; Dupree v. State, 102 Tex. 455, 119 S.W. 301."

The Legislature in the exercise of the sovereign power of taxation has the incidental right to make reasonable provisions for the collection of taxes and the enforcement of payment thereof, and what we have said above is not to be construed to the contrary. We hold, in answer to the second question, that the method here adopted, for the reasons we have pointed out above, is unconstitutional.

We may hold that part of the statute first considered constitutional and hold that part which we have considered in connection with your second question unconstitutional, as they may be separated and are not so dependent upon each other as to preclude the application of this rule. City of Taylor v. Taylor Bedding Mfg. Co., 215 S.W.2d 215 (Tex. Civ. App. 1948, error ref.).

Our answer to your second question necessarily answers your third question.

## SUMMARY

Subsection 4 of Section VII (Motor Vehicle Sales Tax) of House Bill 285, Acts 52nd Leg., ch. 402, p. 695 (Sec. 5a, Art. 7047k, V.C.S.) requiring the seller and purchaser of motor vehicles to execute a joint affidavit giving the true consideration upon which the motor vehicle sales tax is assessed, providing for payment by the dealer of an "affidavit error fee," is a valid provision of a taxing statute and does not violate the due process clause of the 14th Amendment of the Constitution of the United States or the 3rd and 19th Sections of Article I of the Constitution of this State.

That portion of Article 7047k, however, which vests arbitrary power in the tax assessor-collector to refuse to register motor vehicles purchased from delinquent dealers is unconstitutional and void because it denies due process under the 14th Amendment of the Federal Constitution and Sections 3 and 19 of Article I of the Constitution of the State of Texas and vests judicial power in an administrative officer of the State in violation of Section 1, Article II of the Constitution of the State of Texas.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

W. V. Geppert
Taxation Division

By L. P. Lollar

Charles D. Mathews
First Assistant

L. P. Lollar
Assistant

LPL/mwb