**OSTERMAN et al.**

v.

**STATE et al.**

No. 12659.

Court of Civil Appeals of Texas.

Galveston.

Feb. 11, 1954.

Rehearings Denied March 4, 1954.

Kenneth H. Aynesworth, Jr., Houston, for appellant.

De. Lange, Hudspeth & Pitman, Albert J.. De Lange, C. M. Hudspeth, and Eugene J. Pitman, Houston, for appellees James. Bute III. and John Bute.

E. G. Aycock, Fort Worth, for appellees, State of Texas and Clear Creek Consolidated Independent School District.

HAMBLEN, Chief Justice.

This appeal is by petition for writ of error wherein complaint is made of a default judgment rendered by the District Court of Galveston County. The suit was instituted by the State of Texas for itself and on behalf of Galveston County against ten individual defendants to recover taxes alleged to be due on property located in Galveston County. League City Independent School District. intervened for taxes alleged to be due it. All of the defendants named were served with citation in the form provided for in Article .7345b, V.A.T.S. Two of the named defendants, John Bute. and James Bute III, filed answers to the tax suits. These same defendants thereafter filed pleadings as cross-plaintiffs complaining of all other parties to the suit in which they assert their ownership and possession of the property described, complain of the cloud cast upon their title by the action

of the original plaintiffs and all other parties, plead the 3, 5, 10 and 25 years statutes of limitation, and pray judgment for title and possession, removal of cloud from title, costs and other relief. The record reflects the issuance and service of no citation other than that previously mentioned upon the suit and intervention of the taxing units provided for in Article 7345b.

The appealed-from judgment was rendered January 15, 1953. It recites the appearance of the defendants and cross-plaintiffs James Bute III and John Bute. As to the other defendants, who were also cross-defendants, the judgment recites: " * * * though each and all duly and personally served with citation, in the manner and for the length of time required by law, by personal service herein, came not, though appearance day has long since passed, but said defendants * * *, wholly made default." Judgment was in favor of the taxing units for so much of the taxes sued for as were not barred by limitation, in favor of the cross-plaintiffs John Bute and James Bute III against the cross-defendants for title and possession of the property, ordered foreclosure of the tax lien and sale of the property, directed application of the proceeds of the sale to satisfaction of the tax liens and the excess, if any, to cross-plaintiffs John Bute and James Bute III, and further provided that such cross plaintiffs may discharge all liens by paying the amount of the tax judgment at any time before sale.

The transcript contains a notation by the clerk to the effect that the file in the cause reflected the issuance and service of no citation on the cross-action of John Bute and James Bute III; that no citations of any kind were issued or served after the service of the citation upon the petition and intervention of the taxing units above mentioned; and that the file reflected no waiver, appearance or answer by any of the petitioners for writ of error.

Appellants present one point of error by which they complain that the judgment, in so far as it adjudicates title, or rests upon an adjudication of title, is void for want of jurisdiction. Appellees in reply assert first that the citations in the form provided for in Article 7345b, V.A.T.S., which the record reflects were served upon appellants, are sufficient to confer jurisdiction on the trial court to render the appealed-from judgment; and second, that the record, as presented to this Court, is insufficient to negative the presumptions of jurisdiction which flow from the judgment and the recitations therein contained. This Court is unable to agree with appellees in their contentions, but is compelled to the conclusion that appellants' point is well taken and must be sustained.

In 3-A Tex.Jur., page 467, par. 377, the applicable law is stated as follows: "On an appeal from a default judgment the record must show an appearance by the defendant or due service of citation, independent of the recitals in the judgment, especially when any such recitals are shown by other parts of the record to be false. * * * The usual presumption in favor of the judgment of the trial court does not obtain when the judgment is by default; * * *."

The quoted text cites numerous supporting authorities, from which the following quotation from the opinion of the Commission of Appeals in the case of De Proy v. Progakis, 269 S.W. 78, 79, is deemed adequate to demonstrate the inapplicability of appellees' second contention: "* * * on appeal from a judgment by default prosecuted in the suit in which the same was rendered, the judgment will be reversed for fundamental error, unless the record contains a citation showing due service thereof, even though the judgment contains a recital that defendant was duly served with citation."

It appears therefore that the judgment must be sustained, if at all, upon appellees' contention that the citation issued and served upon the tax suits filed by the original plaintiffs and intervenors is sufficient to confer jurisdiction upon the court to render the judgment adjudicating title to the property as sought by cross plaintiffs

John Bute and James Bute III. Article 7345b, V.A.T.S., in conformity with which the citations here involved were issued and served, is captioned: "Suits for delinquent taxes by taxing units". It contains comprehensive provisions as to the form and manner of service of citation to be used in suits brought by or on behalf of taxing units, as therein defined, for delinquent taxes. Section 4 of the article provides: "Sec. 4. Each party to such suit shall take notice of, and plead and answer to, all claims and pleadings then on file or thereafter filed in said cause by all other parties therein, and the citation upon each defendant shall so recite."

It appears to be appellees' contention that this section of the article confers jurisdiction on the court to adjudicate not only the issue of taxes, but also, without further citation or appearance, all other issues raised by pleadings of any parties, particularly, as here, the issue of title raised by appellees in their cross-action. The precise question appears to be one of first impression.

The quoted portion of the statute is but one of fifteen sections contained. After carefully examining the entire act, we are unable to find support for the construction for which appellees contend. We construe the statute to have reference only to tax suits, and the requirement that each party take notice of and plead and answer to all claims and pleadings to have reference only to claims and pleadings raising the issue of taxes. The statute involved has been the subject of discussion in only one reported case by the Supreme Court of Texas, that being Mexia Independent School District v. City of Mexia, 134 Tex. 95, 133 S.W.2d 118, 121, 134 A.L.R. 1277. In that case, suit was brought by the City of Mexia against an individual defendant and against Mexia Independent School District. Citation was issued and properly served in accordance with Article 7345b. The School District filed a cross-action against the individual defendant for taxes due it. No citation was issued on the cross-action. The trial court dismissed the cross-action for want of jurisdiction. The Supreme Court, on certified question from the Court of Civil Appeals,

reversed the judgment of the trial court, upholding the constitutionality of the statute and the jurisdiction of the court to adjudicate the issues raised by the cross-action. As we construe the opinion by Judge Hickman the court based its holding upon the proposition that the cross-action by the School District fell within the particular class of actions comprehended by the statute, namely, tax suits. We find nothing in the opinion supporting the contention that the provisions of the statute comprehend different and distinct causes of action for, as here, the adjudication of title. On the contrary, while that issue was not directly before the court, the following quotation seems, by implication, to negative such construction:

"* * * The statute in question applies only to a particular class of suits—that is, suits brought by taxing units to foreclose tax liens on property. The citation served on the defendant must disclose to him the nature of the suit. * * * It is a well recognized rule that a defendant who has once entered his appearance in a cause is charged with notice of all amendments thereafter filed, including pleas of intervention and cross-actions by other defendants. * * If a defendant, merely because he has entered his appearance in an ordinary suit, can be required to take notice of all subsequent pleadings, interventions and cross-actions by the public generally, we see no reason why in a particular class of suits a defendant, who has been served with citation that specifically warned him of the necessity of taking notice of subsequent pleadings, cannot be required to take notice of cross-actions of a particular kind by a particular class of claimants. * * *"

The decision of the Supreme Court was the subject of discussion in a case note appearing in 134 A.L.R., page 1286. The author of the notation placed the same construction on the opinion that we have reached.

There appears to be no question of the validity of the judgment of the trial court in so far as it adjudicates the issue of delinquent taxes due on the property, and orders

foreclosure of the tax lien, and to that extent the judgment is not here attacked. But in so far as the judgment adjudicates title to the property as between appellees Bute and appellants, and directs a distribution of the proceeds of foreclosure sale based upon such adjudication, we hold for the reason discussed, that the judgment is void for want of jurisdiction. Our order therefore is that the judgment, in so far as appealed from, be reversed and remanded.

Reversed and remanded