

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 1, 1974

The Honorable Ned Granger
Travis County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. H-364

Re: Constitutionality of Article
7329a, V. T. C. S., exempting
from forced sale for taxes,
homestead of person over 65.

Dear Mr. Granger:

You have requested our opinion as to whether Article 7329a,
V. T. C. S., is constitutional in view of Article 16, Sec. 50 and Article
8, Sec. 10 of the Constitution of the State of Texas.

Article 7329a is the provision enacted in 1971 (Acts 1971, 62nd
Leg., p. 2858, ch. 937), whereby the collection of delinquent taxes by
foreclosing upon the homestead of a person 65 years of age or older may
be deferred. Section 50 of Article 16 of the Constitution concerns, inter
alia, the protection of homesteads from forced sale. Section 10 of Article
8 of the Constitution deprives the Legislature of power to release persons
or property from the payment of certain taxes.

Because Article 16, Section 50 states in part:

> The homestead of a family, or of a single adult
> person, shall be, and is hereby protected from
> forced sale, for the payment of all debts except
> for . . . the taxes due thereon . . . . ,

and because Article 8, Section 10 states in part:

> The Legislature shall have no power to release
> the inhabitants of, or property in, any county,

p. 1703

> city or town from the payment of taxes levied
> for State or county purposes . . . ,

you suggest:

> The legislature, in promulgating Article 7329a
> has gone outside this Constitutional provision
> and broadened the exemption of homesteads
> from forced sale.  By exempting homesteads
> belonging to persons 65 years of age or older
> from forced sale, the legislature has narrowed
> the exceptions and broadened the exemption.
>
> While the legislature has not exempted the
> property from taxes, it has in effect released
> the property owners over 65 years of age from
> the payment of taxes so long as they continue to
> occupy the property as a homestead.

Section 1 of Article 7329a reads:

> Any person who is 65 years of age or older and
> who owns and occupies a homestead, as defined
> in Article XVI, Section 51 of the Texas Constitu-
> tion, against which any taxing unit has filed any
> suit to collect delinquent ad valorem taxes <u>may</u>,
> in addition to any other pleading, file an affidavit
> that such person owns and occupies such property
> as his or her homestead and that the affiant has
> already passed his or her sixty-fifth (65th) birthday.
> If the taxing unit does not file a controverting
> affidavit, or if upon bearing such controverting
> affidavits it shall be found that the affiant owns
> and occupies such property as homestead and has
> already passed his or her sixty-fifth (65th) birthday,
> <u>no further action shall be taken in said cause until</u>
> <u>said homestead is no longer owned and occupied by</u>
> <u>such affiant who had passed such sixty-fifth (65th)</u>
> <u>birthday.</u>  (emphasis added)

The underlined clause, in our opinion, expresses no intent to release the affiant from ad valorem tax liability, but only one to defer foreclosure upon his homestead until the affiant no longer owns and occupies it. The statute does not grant an automatic deferment of ad valorem tax liability. The wording of the statute is permissive and places a burden on the affiant to act in his own behalf:

> Any person who is 65 years of age or older . . . . may . . . file an affidavit . . .

Furthermore, section 2 of the Article states:

> This Act shall not extinguish or release the delinquent taxes, penalties, interest or costs against such homestead property, and in any suit upon which action is deferred pursuant to this Act no plea of limitation, laches, or want of prosecution shall apply against the taxing unit. (emphasis added)

Section 3 thereof continues with:

> Penalty and interest shall continue to accrue during the period of deferment prescribed in this Act and delinquent taxes, penalties, interest and costs shall at all times remain a first and paramount lien upon the land and all mutations thereof until paid, to the end that no taxing unit shall lose its taxes, penalty, interest and costs upon such homestead property because of deferment of action pursuant to this Act. (emphasis added)

We do not think it can be correctly said that the deferment contemplated here is the indirect equivalent of a tax-payment release prohibited by Article 8,Section 10 of the Constitution. There is no suggestion made that the statute works any direct release of taxes, but rather that the provision may have that effect. As said in Mexia Independent School District v. City of Mexia, 133 S. W. 2d 118 (Tex. 1939) where similar charges were made,

" . . . [I]t is possible under the Act in question for [the authorities] . . . to fail to properly foreclose the liens held by the taxing units . . . , but this is a danger inherent in all governmental functions performed by human agents . . . [T]he mere existence of this possibility does not render all our tax law unconstitutional." 133 S. W. 2d 122. Without more we cannot say the statute contravenes Article 8, Sec. 10.

Nor do we think a statute of this kind is prohibited by Article 16, Sec. 50 of the Constitution. That secti on acts as a protection for homesteads from forced sale to satisfy the classes of debts embraced by it. But it does not command or require the immediate forced sale of homesteads for those classes of debts not embraced by it. Rather, it does not prevent such a sale. For instance, it has never been suggested that Article 7277, V. T. C. S., is unconstitutional on account of Article 16, Sec. 50 although it has been in force since 1879 and defers tax sales of real property until a list of delinquents has been posted a certain length of time.

Article 7329a, V. T. C. S., in our opinion, does not purport to exempt the homesteads of affiants from forced sale for "the taxes due thereon" in contravention of Article 16, Sec. 50 of the Constitution. It merely allows the postponement of action leading to that result.

### SUMMARY

Article 7329a, V. T. C. S., allowing deferment of the collection of delinquent taxes by foreclosure upon the homestead of a person aged 65 years of age or older does not contravene Article 8, Sec. 10, or Article 16, Sec. 50, of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg