INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS AFL–CIO, et al., Appellants,

v.

INSULATION & SPECIALTIES, INC., Appellee.

No. 5395.

Court of Civil Appeals of Texas,

El Paso.

July 6, 1960.

Rehearing Denied July 27, 1960.

Mullinax, Wells & Morris, Dallas, Guinn & Guinn, El Paso, for appellants.

Hardie, Grambling, Sims & Galatzan, El Paso, Kullman & Lang, New Orleans, La., for appellee.

ABBOTT, Justice.

This is an appeal from an order in the trial court temporarily restraining and enjoining appellants, defendants below, from doing certain acts; from which order ap-

pellants have duly appealed and are properly before this court.

The facts in this cause show that on October 23, 1958, Insulation & Specialties, Inc. filed suit against International Association of Heat and Frost Insulators Asbestos Workers AFL–CIO, et al., in Crane County, Texas, and Ector County, Texas, requesting a temporary restraining order and injunction, alleging generally that the Asbestos Workers had created a secondary boycott, and had breached their contract. The two cases were consolidated, and on November 3, 1958, the matter was heard by the court. Asbestos Workers filed a motion to dismiss, alleging that the State court did not have jurisdiction over the secondary boycott, if any such existed, and the court granted the motion, dismissing both cases "in all things". It will be noted here that the motion to dismiss contained no language pertaining to the allegation of breach of contract, nor did the judgment dismissing the cases. Insulation and Specialties, Inc. made no effort to amend its pleadings, obtain a new trial, or to appeal the dismissal order.

On January 23, 1959, Insulation & Specialties, Inc. filed suit in El Paso County, Texas, against the same parties named in the suits in Crane and Ector counties. The plaintiff's petition contained the same allegations of secondary boycott and breach of contract, and was substantially the same suit as filed in Crane and Ector counties. The El Paso District Court took jurisdiction and proceeded with the case, resulting in the order complained of.

Appellants have brought numerous points of error, but, because of our findings in this case, we believe that it shall be necessary to consider only Point of Error No. Two, which states:

"Second Point

"The District Court erred in granting an injunction after the same relief also had been sought by appellee and

denied by the National Labor Relations Board and by another state district court, in which actions appellee had neither sought to amend or to appeal."

We will not discuss that portion of the case dealing with the National Labor Relations Board, but only that portion dealing with the jurisdiction of the State district courts.

It is obvious from the outset that at least three possibilities can result from this situation:

1. If the judgment (dismissal) from the Crane County court is a final one, then the doctrine of res adjudicata must apply as to any action of this case by the El Paso District Court;

2. If the Crane County District Court's judgment is not final, then the case is still alive in that court, and the El Paso District Court is estopped from taking jurisdiction; and

3. That the dismissal because of lack of jurisdiction and without a hearing on the merits of the case entitles the parties to seek another forum jurisdiction.

The record reflects that appellants filed motions to dismiss, pleas in abatement on the grounds of res adjudicata, federal preemption, estoppel, and failure to exhaust contractual remedies, all of which were heard by the El Paso court and overruled.

We have found no cases exactly in point in this matter, but we believe there is sufficient authority in numerous cases to guide us. It has been said:

"It is the doctrine of the law too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and, whether its decision be correct or otherwise, its judgment, *till reversed* is regarded as binding in ev-

ery other court; and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested, or taken away by proceedings in another court. These rules have their foundation not merely in comity, but on necessity. For, if one may enjoin, the other may retort by injunction, and thus the parties be without remedy; being liable to process for contempt in one, if they dare proceed in the other." (Emphasis ours) Peck v. Jenness, 7 How. 612, 624, 12 L.Ed. 841.

and cited by the Supreme Court of Texas in Way et al. v. Coca Cola Bottling Co., Tex. Com.App., 119 Tex. 419, 29 S.W.2d 1067.

Further, in Freeman on Judgments (5th Edition), Volume 1, section 335, the rule stated is:

"It seems impossible that two courts can, at the same time, possess the power to make a final determination of the same controversy between the same parties. If either has authority to act, its action must necessarily be exclusive, and therefore, it is our judgment that whenever either the State or National courts acquire jurisdiction of an action and the parties thereto, this jurisdiction cannot be destroyed, diminished or suspended by one of the parties bringing an action in another court, and that *any judgment or order* of the later court is void so far as it conflicts with *any judgment or order* of the court first acquiring jurisdiction." (Emphasis ours.)

This statement is cited in Way v. Coca Cola Bottling Co., supra, and Southwestern Life Ins. Co. v. Sanguinet, Tex.Civ.App. Ft. Worth, 1950, 231 S.W.2d 727; also, MacDonald v. MacDonald, Tex.Civ.App., 235 S.W.2d 460; and Cockburn v. Noxon, Tex. Civ.App., 135 S.W.2d 516.

In the case at bar, we are faced with the proposition that this case was dismissed without a hearing on the merits. In Cleghorn v. Chicago, R. I. & P. Ry. Co., Tex. Civ.App., 228 S.W.2d 967, and Winter Garden Land Co. v. Zavalla-Dimmit Counties Water Improvement Dist. No. 1, Tex. Civ.App., 5 S.W.2d 606, a situation similar to the present one arose, and the suggested remedies are stated.

Under the statements of the cases cited in this opinion, we are forced to the conclusion that plaintiff in Crane, appellee in this court from the El Paso judgment, elected to seek its remedy in the Crane County District Court, and, in doing so, made itself answerable to that court's judgments and orders. From any adverse ruling in that court, the proper relief should have been an appeal. Instead of this remedy, it attempted to change forums, and this we believe to be improper. To hold otherwise would be to the result that any transient cause of action could shop for a favorable forum.

In accordance with this opinion, the order of the El Paso court is reversed, and the cause ordered dismissed.