COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-103-CV

 

 

EARL C. STOKER, JR.                                                          APPELLANT

 

                                                   V.

 

CITY OF FORT WORTH, COUNTY                                           APPELLEES

OF TARRANT, TARRANT
COUNTY 

REGIONAL WATER DISTRICT, 

TARRANT COUNTY HOSPITAL 

DISTRICT, TARRANT COUNTY 

COLLEGE DISTRICT, AND
TARRANT 

COUNTY RIGHT OF WAY
DISTRICT

 

                                              ------------

 

           FROM THE 236TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








In this restricted appeal, Appellant Earl C.
Stoker, Jr., appeals from the trial court=s
judgment in favor of Appellees City of Fort Worth, County of Tarrant, Tarrant
County Regional Water District, Tarrant County Hospital District, Tarrant
County College District, and Tarrant County Right of Way District on their suit
to recover unpaid ad valorem taxes on property located at 5717 Libbey Avenue (Athe
property@).  In three issues, Appellant argues that the
judgment was improper because he did not own the property at the time the taxes
were assessed, that the trial court did not have jurisdiction over the claims,
and that his constitutional rights to open courts and due process were
violated.  Because we hold that the
judgment was against the property rather than Appellant, that the trial court
did have jurisdiction, and that Appellant failed to demonstrate any violation
of his constitutional rights, we affirm.

The appellate record does not include the
original petition filed by Appellees, but Appellant asserts in his statement of
the case that the suit was originally brought against his father, Earl C.
Stoker, Sr. (AStoker Sr.@).  Fort Worth ISD and Tarrant County Education
District were not among the original plaintiffs; they intervened after the suit
was filed.

Stoker Sr. was deceased at the time of suit, and
accordingly, Appellees amended their petition to assert their claims against
Stoker Sr.=s heirs, including
Appellant.  The heirs were named as
defendants Ain rem only.@  Appellees also filed a notice of partial
dismissal, dismissing Stoker Sr.=s estate
from the suit.








Appellant filed an answer and special
exceptions.  An attorney ad litem was
appointed for the heirs who had not filed an answer.  Appellant subsequently filed a motion to
dismiss and a motion for judicial notice of a Asecret
agreement@ between one of the heirs and
counsel for Appellees to not share information with the rest of the named
defendants.

The trial court held a hearing at which Appellant
did not appear because he was incarcerated at the time.  The trial court did not rule on Appellant=s
motions and signed a judgment in favor of Appellees, foreclosing the tax lien
on the property and ordering that the property be sold in satisfaction of the
lien.

Appellant subsequently filed an untimely notice
of appeal, and because he did not file a rule 306a(5)[2]
motion in the trial court, we denied his motion for an out-of time appeal.  But because it appeared from the record that
Appellant met the requirements for a restricted appeal, we ordered that we
would treat the appeal as such.








Rule 30 of the rules of appellate procedure
allows for restricted appeals for a person who was a party in the underlying
suit but who did not participate in the hearing that resulted in the judgment
complained of and who did not timely file a postjudgment motion, request for
findings of fact and conclusions of law, or notice of appeal within the time
permitted by rule 26.1(a).[3]  An appellant in a restricted appeal is only entitled
to relief if he establishes error apparent from the face of the record.[4]

In his first issue, Stoker argues that he was
illegally taxed because he did not own the property during the years for which
the delinquent taxes were owed.  Under
the tax code, property taxes are Athe
personal obligation of the person who owns or acquires the property on January
1 of the year for which the tax is imposed.@[5]  A person who acquires property is not liable
for delinquent taxes that accrued on the property prior to the person=s
acquisition of the property, but the property itself remains subject to the
lien securing payment of the delinquent taxes.[6]








A taxing authority bringing suit to recover
delinquent taxes may opt to seek foreclosure of the tax lien on the property
rather than enforcement of personal liability against the property=s owner.[7]  If the taxing authority alleges that recovery
is sought Ain rem,@ then
recovery is sought against the property itself rather than against an
individual, and a judgment in a suit brought in rem does not impose personal
liability on the property=s owner.[8]

Here, Appellees amended their petition to include
the heirs of Stoker Sr. Ain rem only.@  Thus, they were seeking judgment against the
property, not the heirs personally.[9]  The trial court entered judgment for
Appellees in accordance with their pleadings, naming Appellant and the other
heirs as defendants Ain rem only,@
foreclosing the lien on the property, and ordering that the property be sold to
satisfy the lien.  Thus, on the face of
the record, the trial court did not impose personal liability on Appellant for
delinquent taxes incurred prior to Appellant=s
acquisition of the property as Stoker Sr.=s heir.








In his reply brief, Appellant argues that he and
the other heirs were not sued in rem and that Appellees demanded payment from
him personally.  He attached to his reply
brief a notice from an attorney notifying him that under the court order, the
property would be sold at a public auction and that he could avoid losing the
property at the sale by paying the amount owed. 
This document was produced after the trial court=s
judgment and is not part of the appellate record.  We therefore cannot consider it.[10]  In the interest of justice, however, we note
that the letter does not indicate that Appellees brought the suit Ain
personam.@ 
Rather, the letter advised Appellant that the property would be sold
under the trial court=s order but that the taxing
units would be willing to accept a cash payment in lieu of selling the
property.








Stoker further argues that the suit was estopped
under probate code section 37, which states that when a person dies intestate,
his estate vests immediately in his heirs.[11]  The probate code does not prohibit suits to
recover delinquent ad valorem taxes from the estate of a decedent.[12]  A taxing unit may choose to file a claim
against the estate, and section 5C of the probate code provides a procedure for
a taxing unit to do so when a dependent administration is pending.[13]  Appellant states that he submitted
information that an administration was pending to the attorney representing
some of Appellees in the trial court.  On
the face of the record, however, no probate proceedings were pending, dependent
or otherwise, so we can find no error on the face of the record to the extent
that Appellees may not have acted in compliance with that section.[14]  We therefore overrule Appellant=s first
issue.

In Appellant=s second
issue, he argues that Appellees= suit
was jurisdictionally barred because the complaint was against a deceased
person, the property was not unoccupied, the taxes were excessive, and the
joinder of intervenors was improper.








Appellant first argues that the trial court did
not have jurisdiction because the suit did not meet the requirements of tax
code section 33.91 in that the suit was against a deceased person; the property
was not vacant or abandoned; and taxes were paid toward the principal in the
past five years.[15]  That section applies to a municipality=s
seizure of real property for the payment of delinquent ad valorem taxes.[16]  In this case, Appellees brought an action
under section 33.41, the section relating to foreclosure of a tax lien on real
property.  Thus, section 33.91 is
inapplicable.  Furthermore, we do not
have the original pleadings filed in this case, so we cannot determine whether
the suit was actually brought against Stoker Sr.  Assuming that it was, Appellees amended their
petition to drop Stoker Sr. as a defendant in the suit, nonsuited Stoker Sr.=s
estate, and proceeded to trial without Stoker Sr. as a defendant.  Once the trial court acquired jurisdiction
over the claims asserted by Appellees, it had the power to bring in all other
parties necessary or proper to the adjudication of the claims and to dismiss
those parties not necessary or proper.[17]  Thus, no error appears on the face of the
record as to the trial court=s jurisdiction
over the defendants in this case.








Appellant also argues that the taxes were
excessive against him in light of his non-ownership from 1991 to 2001, when his
father died.  Appellant cites no
authority to support his proposition that his non-ownership of the property for
those years made the taxes against the property for those years excessive.[18]  And, as stated above, the suit was brought
against the property, not against Appellant personally.








Appellant further argues that the judgment for
Fort Worth ISD and Tarrant County College Education District was improper
because they were improperly joined.  He
contends that their intervention came after service of citation and that the
court was without jurisdiction to assess the taxes of the intervenors against
him.  Appellant cites State v. Bagby=s Estate[19] for the
proposition that a trial court has no jurisdiction to enter judgment for an
intervenor in a tax suit when intervention was after service of citation and
the intervenor did not serve all parties. 
After the decision in Bagby=s Estate, the
Waco Court of Appeals, having reached a different conclusion on the same
question of service of citation by an intervenor in a tax suit, considered Bagby=s Estate in a
motion for rehearing.[20]  That court asked the Supreme Court of Texas
to address the question.[21]  The Supreme Court adopted the opinion of the
Waco court, holding that Aa defendant who has once entered
his appearance in a cause is charged with notice of all amendments thereafter
filed, including pleas of intervention and cross‑actions by other
defendants.@[22]  Because the defendant tax debtor in that case
was properly served by the original plaintiff, the trial court acquired
jurisdiction to enter judgment in favor of Mexia Independent School District
upon its plea of intervention without further notice to the defendant.[23]  The citation statute at issue in that case
has since been repealed, but the rule at issue in that caseCthat an
intervenor in a tax suit is not required to separately serve citation on the
defendantCcurrently appears in rule 117a
of the rules of civil procedure.[24]  In a suit to collect delinquent taxes due on
property, any taxing unit having a tax claim against the property may intervene
and have its tax claim determined without the necessity of further citation or
notice to any parties to the suit.[25]  We therefore reject Appellant=s
argument.








In his reply brief, Appellant asserts that the
other heirs were not properly served with citation, and therefore the trial
court did not have jurisdiction.  The
trial court=s judgment states that heirs,
other than Appellant, were Apersons
whose residences are unknown,@ that
they were Aduly and regularly cited by
publication,@ and that they were represented
in the case by an attorney ad litem. 
Rule 117a provides that citation may be made by publication as to any
defendant in a tax suit whose residence is unknown to the attorney filing suit
for the taxing unit.[26]  From the face of the record, this rule
appears to have been complied with. 
Thus, no error appears on the face of the record with respect to service
of citation on the other heirs, and, accordingly, we overrule Appellant=s second
issue.








In his third issue, Appellant argues that he was
denied access to courts and due process of law because the trial court failed
to (1) rule on any of his pleadings or (2) either grant a continuance or
consider alternative means of having him present given that he could not appear
for trial because of his incarceration. 
The open courts provision of the Texas Constitution provides that A[a]ll
courts shall be open, and every person for an injury done him, in his lands,
goods, person or reputation, shall have remedy by due course of law.@[27]  The Supreme Court of Texas has held that this
provision includes at least the following three guarante:  

1) courts must actually be open and operating; 2)
the Legislature cannot impede access to the courts through unreasonable
financial barriers; and 3) the Legislature may not abrogate well‑established
common law causes of action unless the reason for its action outweighs the
litigants= constitutional right of
redress.[28]


Appellant makes no argument in his brief as to how the face of the
record demonstrates that any of these three constitutional guarantees were
abridged by the trial court=s
failure to rule on his motions or make accommodation for his presence at the
hearing.  Accordingly, we overrule this
part of his issue as inadequately briefed.[29]








As for his due process argument, Appellant cites Pruske
v. Dempsey[30]
for the proposition that some accommodation should have been made for him to be
present at the hearing to defend himself and his property.  But the Supreme Court of Texas has expressly
held that Aan inmate does not have an
absolute right to appear in person in every court proceeding.@[31]  And it is the inmate=s
responsibility to provide factual information showing why his interest in
appearing outweighs the impact on the correctional system of providing for his
appearance.[32]  The record does not demonstrate that
Appellant made any showing to the trial court regarding why accommodation
should have been made for him to appear. 
Accordingly, Appellant has failed to show any violation of his due
process rights on the face of the record. 
Appellant makes no other arguments with respect to any due process
violations, and accordingly, we overrule that part of his third issue.

Appellant also argues that the trial court abused
its discretion by failing to Alend any
latitude@ to his
pro se filings and that his right to equal protection was violated.  He makes no argument explaining how his right
to equal protection was violated or how the trial court abused its discretion
by failing to Alend any latitude@ to his
pro se filings, and he cited no authority in support of either argument.  We therefore overrule these arguments as
inadequately briefed.[33]  We overrule Appellant=s third
issue.








Having overruled each of Appellant=s three
issues, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL:  DAUPHINOT, LIVINGSTON,
and MEIER, JJ.

DELIVERED:  July 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P. 306a(5).





[3]Tex. R. App. P. 26.1(a),
30; Aviation Composite Techs., Inc. v. CLB Corp., 131 S.W.3d 181, 184
(Tex. App.CFort Worth 2004, no
pet.).





[4]Aviation Composite, 131 S.W.3d at 184.





[5]Tex. Tax Code Ann. ' 32.07(a) (Vernon 2008).





[6]Franz v. Katy Indep. Sch.
Dist.,
35 S.W.3d 749, 754 (Tex. App.CHouston [1st Dist.] 2000, no pet.).





[7]See Tex. Tax Code Ann. ' 33.41(a) (Vernon 2008) (AAt any time after its tax
on property becomes delinquent, a taxing unit may file suit to foreclose the
lien securing payment of the tax, to enforce personal liability for the tax, or
both.@). 





[8]See HMS Aviation v.
Layale Enters., S.A., 149 S.W.3d 182, 187 n.1 (Tex. App.CFort Worth 2004, no pet.)
(AThe effect of a judgment
in an in rem or quasi in rem case is limited to the property that supports
jurisdiction and does not impose a personal liability on the property owner.@).





[9]See id. 





[10]See Quorum Int=l v. Tarrant Appraisal
Dist.,
114 S.W.3d 568, 572 (Tex. App.CFort Worth 2003, pet. denied) (AWe cannot look outside
the record in an effort to discover relevant facts omitted by the parties;
rather, we are bound to determine this case on the record as filed.@).





[11]See Tex. Prob. Code Ann. ' 37 (Vernon 2003).





[12]See, e.g., id. ' 5C.





[13]See id. ' 5C(a). 





[14]See Ginn v. Forrester, 282 S.W.3d 430, 433
(Tex. 2009) (holding that a silent record was insufficient to establish
reversible error in a restricted appeal).





[15]See Tex. Tax Code Ann. ' 33.91 (Vernon 2008).





[16]See id.





[17]See Way v. Coca Cola
Bottling Co.,
119 Tex. 419, 29 S.W.2d 1067, 1070 (1930) (stating that once trial court
acquires jurisdiction over cause of action pleaded, it acquires Aexclusive power and
jurisdiction to hear and determine said cause, not only as to the defendants
then called to answer, but as to any and all other parties, proper or
necessary, to the final adjudication of the subject‑matter involved
therein@).





[18]See Tex. R. App. P. 38.1(i)
(requiring briefs to contain appropriate citations to authority in support of
argument); Gray v. Nash, 259 S.W.3d 286, 294 (Tex. App.CFort Worth 2008, pet.
denied) (stating that an argument may be waived for inadequate briefing and
holding that arguments were waived when no authority was cited to support
them).





[19]126 S.W.2d 687, 690 (Tex.
Civ. App.CTexarkana 1939, no writ).





[20]Mexia Indep. Sch. Dist.
v. City of Mexia, 134 Tex. 95, 133 S.W.2d 118, 120 (1939).





[21]Id.





[22]Id. at 122.





[23]Id. at 120.





[24]See Tex. R. Civ. P. 117a.





[25]Tex. R. Civ. P. 117a(4).





[26]Tex. R. Civ. P. 117a(3).





[27]Tex. Const. art. I, ' 13.





[28]Centr. Appraisal Dist. of
Rockwall County v. Lall, 924 S.W.2d 686, 689 (Tex. 1996).





[29]See Tex. R. App. P. 38.1(i); Gray,
259 S.W.3d at 294.





[30]821 S.W.2d 687, 689 (Tex.
App.CSan Antonio 1991, no
writ) (listing factors trial court should consider in determining whether
prisoner should be allowed to be present at civil trial).





[31]In re Z.L.T., 124 S.W.3d 163, 165
(Tex. 2003).





[32]See id. at 166.





[33]See Tex. R. App. P. 38.1(i); Gray,
259 S.W.3d at 294; see also Wheeler v. Green, 157 S.W.3d 439, 444 (Tex.
2005) (stating that pro se litigants Aare not exempt from the rules of procedure@ and suggesting that A[h]aving two sets of
rulesCa strict set for
attorneys and a lenient set for pro se partiesCmight encourage litigants
to discard their valuable right to the advice and assistance of counsel@); Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978) (ALitigants who represent
themselves must comply with the applicable procedural rules, or else they would
be given an unfair advantage over litigants represented by counsel.@).