**COURT OF APPEALS**
**SECOND DISTRICT OF TEXAS**


**NO. 2-08-103-CV**

| | |
|---|---|
| EARL C. STOKER, JR. | APPELLANT |

V.

| | |
|---|---|
| CITY OF FORT WORTH, COUNTY OF TARRANT, TARRANT COUNTY REGIONAL WATER DISTRICT, TARRANT COUNTY HOSPITAL DISTRICT, TARRANT COUNTY COLLEGE DISTRICT, AND TARRANT COUNTY RIGHT OF WAY DISTRICT | APPELLEES |

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In this restricted appeal, Appellant Earl C. Stoker, Jr., appeals from the

trial court's judgment in favor of Appellees City of Fort Worth, County of

---

[1] *See* Tex. R. App. P. 47.4.

Tarrant, Tarrant County Regional Water District, Tarrant County Hospital District, Tarrant County College District, and Tarrant County Right of Way District on their suit to recover unpaid ad valorem taxes on property located at 5717 Libbey Avenue ("the property"). In three issues, Appellant argues that the judgment was improper because he did not own the property at the time the taxes were assessed, that the trial court did not have jurisdiction over the claims, and that his constitutional rights to open courts and due process were violated. Because we hold that the judgment was against the property rather than Appellant, that the trial court did have jurisdiction, and that Appellant failed to demonstrate any violation of his constitutional rights, we affirm.

The appellate record does not include the original petition filed by Appellees, but Appellant asserts in his statement of the case that the suit was originally brought against his father, Earl C. Stoker, Sr. ("Stoker Sr."). Fort Worth ISD and Tarrant County Education District were not among the original plaintiffs; they intervened after the suit was filed.

Stoker Sr. was deceased at the time of suit, and accordingly, Appellees amended their petition to assert their claims against Stoker Sr.'s heirs, including Appellant. The heirs were named as defendants "in rem only." Appellees also filed a notice of partial dismissal, dismissing Stoker Sr.'s estate from the suit.

Appellant filed an answer and special exceptions. An attorney ad litem was appointed for the heirs who had not filed an answer. Appellant subsequently filed a motion to dismiss and a motion for judicial notice of a "secret agreement" between one of the heirs and counsel for Appellees to not share information with the rest of the named defendants.

The trial court held a hearing at which Appellant did not appear because he was incarcerated at the time. The trial court did not rule on Appellant's motions and signed a judgment in favor of Appellees, foreclosing the tax lien on the property and ordering that the property be sold in satisfaction of the lien.

Appellant subsequently filed an untimely notice of appeal, and because he did not file a rule 306a(5)[2] motion in the trial court, we denied his motion for an out-of time appeal. But because it appeared from the record that Appellant met the requirements for a restricted appeal, we ordered that we would treat the appeal as such.

Rule 30 of the rules of appellate procedure allows for restricted appeals for a person who was a party in the underlying suit but who did not participate in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion, request for findings of fact and conclusions

---

[2] *See* Tex. R. Civ. P. 306a(5).

3

of law, or notice of appeal within the time permitted by rule 26.1(a).[3] An appellant in a restricted appeal is only entitled to relief if he establishes error apparent from the face of the record.[4]

In his first issue, Stoker argues that he was illegally taxed because he did not own the property during the years for which the delinquent taxes were owed. Under the tax code, property taxes are "the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed."[5] A person who acquires property is not liable for delinquent taxes that accrued on the property prior to the person's acquisition of the property, but the property itself remains subject to the lien securing payment of the delinquent taxes.[6]

A taxing authority bringing suit to recover delinquent taxes may opt to seek foreclosure of the tax lien on the property rather than enforcement of

---

[3] Tex. R. App. P. 26.1(a), 30; *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 184 (Tex. App.—Fort Worth 2004, no pet.).

[4] *Aviation Composite*, 131 S.W.3d at 184.

[5] Tex. Tax Code Ann. § 32.07(a) (Vernon 2008).

[6] *Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 754 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

4

personal liability against the property's owner.[7] If the taxing authority alleges that recovery is sought "in rem," then recovery is sought against the property itself rather than against an individual, and a judgment in a suit brought in rem does not impose personal liability on the property's owner.[8]

Here, Appellees amended their petition to include the heirs of Stoker Sr. "in rem only." Thus, they were seeking judgment against the property, not the heirs personally.[9] The trial court entered judgment for Appellees in accordance with their pleadings, naming Appellant and the other heirs as defendants "in rem only," foreclosing the lien on the property, and ordering that the property be sold to satisfy the lien. Thus, on the face of the record, the trial court did not impose personal liability on Appellant for delinquent taxes incurred prior to Appellant's acquisition of the property as Stoker Sr.'s heir.

In his reply brief, Appellant argues that he and the other heirs were not sued in rem and that Appellees demanded payment from him personally. He

---

[7] *See* Tex. Tax Code Ann. § 33.41(a) (Vernon 2008) ("At any time after its tax on property becomes delinquent, a taxing unit may file suit to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both.").

[8] *See HMS Aviation v. Layale Enters., S.A.*, 149 S.W.3d 182, 187 n.1 (Tex. App.—Fort Worth 2004, no pet.) ("The effect of a judgment in an in rem or quasi in rem case is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner.").

[9] *See id.*

5

attached to his reply brief a notice from an attorney notifying him that under the court order, the property would be sold at a public auction and that he could avoid losing the property at the sale by paying the amount owed. This document was produced after the trial court's judgment and is not part of the appellate record. We therefore cannot consider it.[10] In the interest of justice, however, we note that the letter does not indicate that Appellees brought the suit "in personam." Rather, the letter advised Appellant that the property would be sold under the trial court's order but that the taxing units would be willing to accept a cash payment in lieu of selling the property.

Stoker further argues that the suit was estopped under probate code section 37, which states that when a person dies intestate, his estate vests immediately in his heirs.[11] The probate code does not prohibit suits to recover delinquent ad valorem taxes from the estate of a decedent.[12] A taxing unit may choose to file a claim against the estate, and section 5C of the probate code provides a procedure for a taxing unit to do so when a dependent administration

---

[10] *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) ("We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed.").

[11] *See* Tex. Prob. Code Ann. § 37 (Vernon 2003).

[12] *See, e.g., id.* § 5C.

6

is pending.[13] Appellant states that he submitted information that an administration was pending to the attorney representing some of Appellees in the trial court. On the face of the record, however, no probate proceedings were pending, dependent or otherwise, so we can find no error on the face of the record to the extent that Appellees may not have acted in compliance with that section.[14] We therefore overrule Appellant's first issue.

In Appellant's second issue, he argues that Appellees' suit was jurisdictionally barred because the complaint was against a deceased person, the property was not unoccupied, the taxes were excessive, and the joinder of intervenors was improper.

Appellant first argues that the trial court did not have jurisdiction because the suit did not meet the requirements of tax code section 33.91 in that the suit was against a deceased person; the property was not vacant or abandoned; and taxes were paid toward the principal in the past five years.[15] That section applies to a municipality's seizure of real property for the payment of delinquent

---

[13] *See id.* § 5C(a).

[14] *See Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009) (holding that a silent record was insufficient to establish reversible error in a restricted appeal).

[15] *See* Tex. Tax Code Ann. § 33.91 (Vernon 2008).

ad valorem taxes.[16]  In this case, Appellees brought an action under section 33.41, the section relating to foreclosure of a tax lien on real property.  Thus, section 33.91 is inapplicable.  Furthermore, we do not have the original pleadings filed in this case, so we cannot determine whether the suit was actually brought against Stoker Sr.  Assuming that it was, Appellees amended their petition to drop Stoker Sr. as a defendant in the suit, nonsuited Stoker Sr.'s estate, and proceeded to trial without Stoker Sr. as a defendant.  Once the trial court acquired jurisdiction over the claims asserted by Appellees, it had the power to bring in all other parties necessary or proper to the adjudication of the claims and to dismiss those parties not necessary or proper.[17]  Thus, no error appears on the face of the record as to the trial court's jurisdiction over the defendants in this case.

Appellant also argues that the taxes were excessive against him in light of his non-ownership from 1991 to 2001, when his father died.  Appellant cites no authority to support his proposition that his non-ownership of the property

---

[16] *See id.*

[17] *See Way v. Coca Cola Bottling Co.*, 119 Tex. 419, 29 S.W.2d 1067, 1070 (1930) (stating that once trial court acquires jurisdiction over cause of action pleaded, it acquires "exclusive power and jurisdiction to hear and determine said cause, not only as to the defendants then called to answer, but as to any and all other parties, proper or necessary, to the final adjudication of the subject-matter involved therein").

for those years made the taxes against the property for those years excessive.[18]

And, as stated above, the suit was brought against the property, not against Appellant personally.

Appellant further argues that the judgment for Fort Worth ISD and Tarrant County College Education District was improper because they were improperly joined. He contends that their intervention came after service of citation and that the court was without jurisdiction to assess the taxes of the intervenors against him. Appellant cites *State v. Bagby's Estate*[19] for the proposition that a trial court has no jurisdiction to enter judgment for an intervenor in a tax suit when intervention was after service of citation and the intervenor did not serve all parties. After the decision in *Bagby's Estate*, the Waco Court of Appeals, having reached a different conclusion on the same question of service of citation by an intervenor in a tax suit, considered *Bagby's Estate* in a motion for rehearing.[20] That court asked the Supreme Court of Texas to address the

---

[18] *See* Tex. R. App. P. 38.1(i) (requiring briefs to contain appropriate citations to authority in support of argument); *Gray v. Nash*, 259 S.W.3d 286, 294 (Tex. App.—Fort Worth 2008, pet. denied) (stating that an argument may be waived for inadequate briefing and holding that arguments were waived when no authority was cited to support them).

[19] 126 S.W.2d 687, 690 (Tex. Civ. App.—Texarkana 1939, no writ).

[20] *Mexia Indep. Sch. Dist. v. City of Mexia*, 134 Tex. 95, 133 S.W.2d 118, 120 (1939).

9

question.[21] The Supreme Court adopted the opinion of the Waco court, holding that "a defendant who has once entered his appearance in a cause is charged with notice of all amendments thereafter filed, including pleas of intervention and cross-actions by other defendants."[22] Because the defendant tax debtor in that case was properly served by the original plaintiff, the trial court acquired jurisdiction to enter judgment in favor of Mexia Independent School District upon its plea of intervention without further notice to the defendant.[23] The citation statute at issue in that case has since been repealed, but the rule at issue in that case—that an intervenor in a tax suit is not required to separately serve citation on the defendant—currently appears in rule 117a of the rules of civil procedure.[24] In a suit to collect delinquent taxes due on property, any taxing unit having a tax claim against the property may intervene and have its tax claim determined without the necessity of further citation or notice to any parties to the suit.[25] We therefore reject Appellant's argument.

---

[21] *Id.*

[22] *Id.* at 122.

[23] *Id.* at 120.

[24] *See* Tex. R. Civ. P. 117a.

[25] Tex. R. Civ. P. 117a(4).

In his reply brief, Appellant asserts that the other heirs were not properly served with citation, and therefore the trial court did not have jurisdiction. The trial court's judgment states that heirs, other than Appellant, were "persons whose residences are unknown," that they were "duly and regularly cited by publication," and that they were represented in the case by an attorney ad litem. Rule 117a provides that citation may be made by publication as to any defendant in a tax suit whose residence is unknown to the attorney filing suit for the taxing unit.[26] From the face of the record, this rule appears to have been complied with. Thus, no error appears on the face of the record with respect to service of citation on the other heirs, and, accordingly, we overrule Appellant's second issue.

In his third issue, Appellant argues that he was denied access to courts and due process of law because the trial court failed to (1) rule on any of his pleadings or (2) either grant a continuance or consider alternative means of having him present given that he could not appear for trial because of his incarceration. The open courts provision of the Texas Constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."[27]

---

[26] Tex. R. Civ. P. 117a(3).

[27] Tex. Const. art. I, § 13.

11

The Supreme Court of Texas has held that this provision includes at least the following three guarante:

> 1) courts must actually be open and operating; 2) the Legislature cannot impede access to the courts through unreasonable financial barriers; and 3) the Legislature may not abrogate well-established common law causes of action unless the reason for its action outweighs the litigants' constitutional right of redress.[28]

Appellant makes no argument in his brief as to how the face of the record demonstrates that any of these three constitutional guarantees were abridged by the trial court's failure to rule on his motions or make accommodation for his presence at the hearing. Accordingly, we overrule this part of his issue as inadequately briefed.[29]

As for his due process argument, Appellant cites *Pruske v. Dempsey*[30] for the proposition that some accommodation should have been made for him to be present at the hearing to defend himself and his property. But the Supreme Court of Texas has expressly held that "an inmate does not have an absolute

---

[28] *Centr. Appraisal Dist. of Rockwall County v. Lall*, 924 S.W.2d 686, 689 (Tex. 1996).

[29] *See* Tex. R. App. P. 38.1(i); *Gray*, 259 S.W.3d at 294.

[30] 821 S.W.2d 687, 689 (Tex. App.—San Antonio 1991, no writ) (listing factors trial court should consider in determining whether prisoner should be allowed to be present at civil trial).

12

right to appear in person in every court proceeding."[31] And it is the inmate's responsibility to provide factual information showing why his interest in appearing outweighs the impact on the correctional system of providing for his appearance.[32] The record does not demonstrate that Appellant made any showing to the trial court regarding why accommodation should have been made for him to appear. Accordingly, Appellant has failed to show any violation of his due process rights on the face of the record. Appellant makes no other arguments with respect to any due process violations, and accordingly, we overrule that part of his third issue.

Appellant also argues that the trial court abused its discretion by failing to "lend any latitude" to his pro se filings and that his right to equal protection was violated. He makes no argument explaining how his right to equal protection was violated or how the trial court abused its discretion by failing to "lend any latitude" to his pro se filings, and he cited no authority in support of either argument. We therefore overrule these arguments as inadequately briefed.[33] We overrule Appellant's third issue.

----

[31] *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).

[32] *See id.* at 166.

[33] *See* Tex. R. App. P. 38.1(i); *Gray*, 259 S.W.3d at 294; *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating that pro se litigants "are not exempt from the rules of procedure" and suggesting that

Having overruled each of Appellant's three issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, LIVINGSTON, and MEIER, JJ.

DELIVERED: July 16, 2009

---

"[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel"); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").

14